**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 19-2480

LOUIS M. TUTT, III,

    Plaintiff - Appellant,

  v.

CHRISTINE WORMUTH, Secretary of the Army,

    Defendant - Appellee.

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria. Liam O'Grady, Senior District Judge. (1:19-cv-00588-LO-IDD)

Submitted: July 28, 2021          Decided: September 8, 2021

Before WILKINSON and HARRIS, Circuit Judges, and SHEDD, Senior Circuit Judge.

Affirmed in part, vacated in part, and remanded by unpublished per curiam opinion.

Joshua Erlich, Davia Craumer, Katherine L. Herrmann, THE ERLICH LAW OFFICE, PLLC, Arlington, Virginia, for Appellant. G. Zachary Terwilliger, United States Attorney, Kimere J. Kimball, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Alexandria, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Louis M. Tutt, III, appeals the district court's order dismissing his claims of discrimination and retaliation under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e to 2000e-17, against Appellee Christine Wormuth, Secretary of the Army, for failure to state a claim. We affirm the district court's dismissal of Tutt's discrimination claim but vacate its dismissal of Tutt's retaliation claim and remand for further proceedings.

We review a district court's dismissal under Fed. R. Civ. P. 12(b)(6) de novo, "assuming as true the complaint's factual allegations and construing all reasonable inferences in favor of the plaintiff." *See Semenova v. Md. Transit Admin.*, 845 F.3d 564, 567 (4th Cir. 2017) (internal quotation marks omitted). To survive a motion to dismiss, a complaint must contain sufficient facts to state a claim that is plausible on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A "complaint will not be dismissed as long as [it] provides sufficient detail about [the plaintiff's] claim to show that he has a more-than-conceivable chance of success on the merits." *Owens v. Balt. City State's Att'ys Off.*, 767 F.3d 379, 396 (4th Cir. 2014). However, a pleading that offers only "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. "Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (brackets and internal quotation marks omitted).

To establish a discrimination claim under Title VII, a plaintiff must eventually put forth a prima facie case of discrimination by establishing that (1) he is a member of a

2

protected class; (2) he suffered an adverse action; (3) his job performance was satisfactory; and (4) the adverse action occurred "under circumstances giving rise to an inference of unlawful discrimination." *Adams v. Trs. of the Univ. of N.C.-Wilmington*, 640 F.3d 550, 558 (4th Cir. 2011). The fourth element can be met by showing that "similarly-situated employees outside the protected class received more favorable treatment." *White v. BFI Waste Servs., LLC*, 375 F.3d 288, 295 (4th Cir. 2004). To establish a prima facie case for retaliation, a plaintiff must show that (1) he engaged in protected activity; (2) the employer took an adverse action against him; and (3) there is "a causal connection between the protected activity and the adverse action." *Ray v. Int'l Paper Co.*, 909 F.3d 661, 669 (4th Cir. 2018).

However, in the employment discrimination context, "[t]he prima facie case . . . is an evidentiary standard, not a pleading requirement." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 510 (2002). Thus, a plaintiff is not required to plead facts that constitute a prima facie case in order to survive a motion to dismiss. *Bing v. Brivo Sys. LLC*, 959 F.3d 605, 616–17 (4th Cir. 2020). Nevertheless, the factual allegations must still be sufficient "to satisfy the elements of a cause of action created by" Title VII, *McCleary-Evans v. Md. Dep't of Transp., State Highway Admin.*, 780 F.3d 582, 585 (4th Cir. 2015), and raise the plaintiff's "right to relief above the speculative level," *Coleman v. Md. Ct. of Appeals*, 626 F.3d 187, 190 (4th Cir. 2010) (internal quotation marks omitted).

Beginning with the discrimination claim, Tutt argues that the district court erroneously held him to a heightened pleading standard by requiring him to plead a proper comparator and ignored other facts contained in the complaint that he asserts give rise to

3

an inference of discrimination. Tutt is correct that a plaintiff is not required to provide a similarly situated comparator to prove his discrimination claim. *See, e.g.*, *Bryant v. Aiken Reg'l Med. Ctrs., Inc.*, 333 F.3d 536, 545–46 (4th Cir. 2003). However, based on our review of the record, we conclude that the district court nevertheless did not err by dismissing this claim because Tutt failed to plead sufficient facts to "nudge[] his claim[] of invidious discrimination across the line from conceivable to plausible," either through comparator evidence or other indicia of discrimination. *Woods v. City of Greensboro*, 855 F.3d 639, 647 (4th Cir. 2017) (brackets and internal quotation marks omitted); *see United States v. Riley*, 856 F.3d 326, 328 (4th Cir. 2017) (explaining this court can affirm on any basis apparent from the record).

Turning to the retaliation claim, Tutt argues that the district court erred in determining that he had not pled sufficient facts to show causation because the court focused solely on the gap between his protected activity and the adverse action while ignoring evidence of retaliatory animus that occurred during that period.[*] Most commonly, a plaintiff may establish that the adverse action bears sufficient temporal proximity to the protected activity to establish an inference of causation. *See, e.g.*, *Clark Cnty. Sch. Dist. v. Breeden*, 532 U.S. 268, 273–74 (2001). However, "[i]n cases where temporal proximity between protected activity and allegedly retaliatory conduct is missing, courts may look to the intervening period for other evidence of retaliatory animus." *Lettieri v. Equant Inc.*,

---

[*] Because Appellee does not contest, and rather has explicitly forfeited, consideration of the first two elements of Tutt's retaliation claim, we assume for the purposes of this appeal that Tutt plausibly alleged those elements of this claim.

478 F.3d 640, 650 (4th Cir. 2007) (internal quotation marks omitted). "Specifically, evidence of recurring retaliatory animus during the intervening period can be sufficient to satisfy the element of causation." *Id.*

Here, the district court correctly recognized that the 15- or 16-month gap between Tutt's protected activity and his permanent reassignment is insufficient to establish causation based on temporal proximity, and in fact the gap significantly weakens any inference of causation. *See, e.g.*, *King v. Rumsfeld*, 328 F.3d 145, 151 n.5 (4th Cir. 2003) (noting 10-week gap "is sufficiently long so as to weaken significantly the inference of causation between the . . . events"). However, Tutt's complaint provides additional facts, including his supervisors' repeated comments regarding Tutt's protected activity and events occurring prior to the adverse action, that—when taken as true as they must be at this stage—are sufficient to plausibly bridge the gap between Tutt's protected activity and his permanent reassignment.

Furthermore, although the district court may have been correct in finding that there are potentially legitimate reasons for Appellee's actions which Tutt failed to address in his complaint, that is not a proper reason to dismiss his claim at this stage. Rather, "[i]f [a plaintiff's] explanation is plausible, her complaint survives a motion to dismiss under Rule 12(b)(6), regardless of whether there is a more plausible alternative explanation." *See Houck v. Substitute Tr. Servs., Inc.*, 791 F.3d 473, 484 (4th Cir. 2015). Therefore, when all reasonable inferences are drawn in Tutt's favor, we conclude that he plausibly alleged that his permanent reassignment was caused by retaliatory animus such that this claim survives a Rule 12(b)(6) motion.

Accordingly, we affirm the district court's dismissal of Tutt's discrimination claim, vacate the district court's dismissal of Tutt's retaliation claim, and remand the case for further proceedings consistent with this opinion. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED IN PART,*<br>*VACATED IN PART,*<br>*AND REMANDED*